UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**In re:**

**Jose Miguel Moreno**          Case No.: 16-BK-13442-LMI
                                Chapter 13

      **Debtor(s)**

_____

**SECURED CREDITOR, POSITIVE SOLUTION, LLC'S
RESPONSE IN OPPOSITION TO DEBTORS' MOTION IN LIMINE**

     **SECURED CREDITOR,** Positive Solution, LLC (herein after referred to as "MOVANT or SECURED CREDITOR"), by and through his undersigned attorney, hereby files this Response in Opposition to the Debtor's Motion in Limine, and in support states as follows:

1. On or about March 10, 2016, the above Debtor filed a Voluntary Petition for Relief pursuant to Chapter 13 of the United States Bankruptcy Code.

2. Jurisdiction in this cause is granted to the Bankruptcy Court pursuant to 28 USC §1334 and 11 USC §362, and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Court generally.

3. On or about April 1, 2016, Debtor filed a Motion to Determine Secured Status alleging that the value of the Property leaves MOVANT wholly unsecured.

4. Based upon information and belief, Ocwen Loan Servicing, LLC's lien is $251,440.85 based upon payoff figures as of April 8, 2016, which was given to Secured Creditor and was attached to Secured Creditor's Objection **(Doc #22)**.

5. On or about April 28, 2016, Debtor filed an Amended Motion to Value **(Doc #32)** stating the property was worth $263,000.00 and that Ocwen, the first lien holder, was owed $303,323.17.

6. Secured Creditor obtained an appraisal, which the appraisal came back at $300,000.00. Please see attached copy of the appraisal incorporated herein as "Exhibit A."

7. After Ocwen was ordered to file a proof of claim, it filed its proof of claim on July 1, 2016 in the amount of $284,695.67, which is about $30,000 more than Secured Creditor's payoff statement that was received from Ocwen and about $20,000 less than the amount alleged by Debtor in its Amended Motion to Value.

8. Then on or about September 23, 2016, the Debtor produced an alleged payoff from Ocwen

1

after Ocwen filed its POC for $296,439.81. This document is hearsay and is inadmissible as evidence. The Proof of claim is the only reliable and admissible indication of the amount that is truly owed to Ocwen.

9. In the appraisal, the Florida State Certified Appraiser used three comparable sales within .05 to .30 away from the property in accordance with USPAP guidelines. All sales and data was attached to the appraisal.

10. Interestingly enough, the Debtor's appraisal for $263,000.00 uses comps from farther away from the property from .48 miles to .63 miles from the property, which are outside of the area and are homes of inferior quality.

11. Then, on or about September 20, 2016, the Debtor's appraiser amended his own appraisal to value the property at $279,000.00 after Secured Creditor's counsel filed its response to the Motion for Contempt with comparable sales even farther from .58 to .70 miles, which are outside the immediate area and are unreliable. The Appraiser states in the appraisal that "The comparable across major roadways are similar dwelling located in close proximity to the subject and are considered to be competitive alternatives to the subject property. Sales over 1 mile were necessary due to lack of verifiable sales within close proximity to the subject property." However, as shown in Secured Creditor's appraisal and the BPO produced to opposing counsel, there are plenty of comparable sales within the immediate area that the Debtor's appraisal failed to utilize.

12. Secured Creditor's appraiser has produced all documents that he was required to produce on the appraisal itself. Secured Creditor's appraiser has used comparable sales that were the closest to the subject property and in substantially the same condition; The Debtor's appraisal has strategically picked properties of a lower value that are outside of the immediate area in an attempt to avoid Secured Creditor's lien.

13. Secured Creditor's appraiser produced all documents in which he relied on in the appraisal itself.

14. On the morning of the evidentiary hearing, Debtor's counsel filed a Motion in Limine attempting to exclude Secured Creditor's appraisal citing that we failed to produce documents in which the Appraiser relied. However, Secured Creditor's counsel advised Debtor's counsel that the appraiser produced everything he relied on in his appraisal and there was nothing more to produce.

15. Secured Creditor's appraisal was conducted on June 3, 2016, almost four months ago and the Debtor's counsel has had more than enough time to prepare for the scheduled hearing.

16. There are no other documents Secured Creditor's appraiser has to produce to Debtor who conducted a bad faith appraisal outside of the immediate area of the subject property in an attempt to strip Secured Creditor's lien.

**WHEREFORE, PREMISES CONSIDERED,** Secured Creditor prays that this honorable Court enter an Order denying Debtors' Motion in Limine; strike the appraisal as bad faith; deny Debtor's bad faith Motion to Value; award Secured Creditor attorney's fees and costs for defending this motion and together with such further relief and this Honorable Court deems Secured Creditor is entitled.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list on September 28, 2016.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

*/s/ Damian G. Waldman*_____
Damian G. Waldman, Esquire
Florida Bar Number: 0090502
**Law Offices of Damian G. Waldman, P.A.**
10333 Seminole Boulevard, Unit 1 & 2
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: damian@dwaldmanlaw.com
Email 2: bankruptcy@dwaldmanlaw.com
*Attorneys for Secured Creditor*

**Service List**

Jose Miguel Moreno
15964 SW 102nd Lane
Miami, FL 33196

Jose Miguel Moreno
c/o Gianny Blanco, Esq.
10647 N. Kendall Drive
Miami, FL 33176
courtdocs@fgbkc.com

Deutsche Bank National Trust Company
c/o Keith S. Labell, Esq.
6409 Congress Avenue
Boca Raton, FL 33487
klabell@rasflaw.com

Nancy K. Neidich
P.O. Box 279806
Miramar, FL 33027
Etc8f01@ch13herkert.com
*Trustee*

Office of the US. Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130
*U.S. Trustee*

4